ANNE MANOCCHIO *vs.* RAYMOND J. PETTINE, *Adm'r.*

APRIL 18, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Condon and O'Connell, JJ.

CONDON, J. This action of the case in assumpsit was tried to a jury in the superior court and resulted in a verdict for the plaintiff in the sum of $2,410. Thereafter the trial justice approved the verdict and denied the defendant's motion for a new trial. The case is here on his bill of exceptions containing among others one to the exclusion of certain testimony offered at the trial and another to the denial of his motion for a new trial. Only those exceptions will be considered since the others, being neither briefed nor argued, are deemed to be waived.

The plaintiff is the daughter of Guiseppe Manocchio, late of the city of Providence, who deceased December 4, 1948.

The defendant is the administrator of his estate. The plaintiff filed a claim against the estate for services rendered to the deceased from April 14, 1944 to the date of his death. The defendant disallowed the claim and thereafter plaintiff brought the instant action.

The plaintiff's declaration is in two counts. The first is a book account for $4,425 and the second alleges the common counts. The evidence is undisputed that on April 14, 1944 Guiseppe Manocchio agreed with plaintiff that if she would give up her job and keep house for him he would pay her $15 a week. At that time plaintiff was earning $30 a week working at the United States Rubber Company in Providence. She testified that she agreed and said she would keep the house for him for $10 a week but he insisted on $15. Her sister Lucy who was present at the time testified to the same effect. The defendant was unable to produce any testimony to the contrary.

The uncontradicted evidence shows that plaintiff fully performed her part of such agreement up to the date of her father's death but that he did not pay her anything for her services, although he told her from time to time he was going to do so. The defendant sought by such evidence as he was able to present to raise inferences that the deceased never intended to enter into such an agreement and that plaintiff never expected to be paid but kept the house for her father out of a sense of moral duty. He contends that he was prejudiced by a ruling of the trial justice which he claims prevented him from presenting further evidence upon which such inferences could be based. That ruling excluded a certain question asked of John Manocchio, a brother of the plaintiff, and defendant's offer of proof pertaining to such inquiry.

John had testified for plaintiff and substantially corroborated her testimony and that of Lucy concerning the alleged agreement. In the course of his testimony he stated that on one occasion his father had said that he would leave his

property to those who were good to him or to those who helped him. The defendant cross-examined the witness but refrained from questioning him about that particular statement. However, later in presenting his own case he called John Manocchio as a witness under public laws 1939, chapter 705, and proceeded to inquire about such statement.

Over plaintiff's objection the inquiry was allowed and the witness repeated his testimony. Thereupon defendant asked permission to lead the witness and at first was allowed to do so. But immediately defendant sought to impeach the witness by asking this question which pertained to his testimony on the same subject at another trial two weeks previously: "Q. And do you recall this question that I asked you as attorney for the defendant, whether your father ever made a statement relative to the disposition of the property at 10 Boyd Street, Providence, Rhode Island, do you recall that question? Answer yes or no."

As a result of a discussion at the bench about the legality of this line of inquiry the trial justice sustained plaintiff's objection to the question and permitted defendant to make the following offer of proof for the record: "Mr. Giannini: The defendant offers to prove that the witness has previously testified in a suit before Mr. Justice Curran on June 3rd, 1953, that the conversation with his father relative to the disposition of the property at 10 Boyd Street resulted in a statement by the father, that he the father intended to leave the property at 10 Boyd Street, Providence, Rhode Island so that all his children could share equally. The defendant is further prepared to call into court the stenographer who took down the proceedings before Mr. Justice Curran to read the record as given on that date * * *."

We are clearly of the opinion that the trial justice did not err in excluding such testimony. In the first place, the witness was not a party of record and did not have an in-

terest in the instant case adverse to defendant and therefore he had no right to call him under chap. 705 for the purpose of cross-examination. He had the right to cross-examine the witness when he was on the stand for plaintiff but he failed to take advantage of it.

By calling him in his own case defendant made John Manocchio his witness. Ordinarily, aside from the statute, a party calling a witness may not impeach him. *Souza* v. *United Electric Rys.*, 51 R. I. 124. This rule may be relaxed in the sound discretion of the trial justice where the circumstances seem to require it in the interest of justice and especially when the element of surprise is present. Where, in the exercise of such discretion, the trial justice refuses to relax the rule there is no ground for an exception unless such refusal amounts to an abuse of discretion. *Barker* v. *Rhode Island Co.*, 35 R. I. 406. In the instant case the circumstances are far from indicating such abuse. The defendant's exception to the exclusion of the question and the offer of proof are therefore overruled.

The defendant excepted to the denial of his motion for a new trial substantially on the grounds that the trial justice misconceived the evidence and also failed to weigh it properly. After carefully reading the transcript and the trial justice's decision we are of the opinion that such contentions are without merit. The evidence in proof of the agreement is overwhelming, the evidence of plaintiff's performance of the work agreed upon is uncontradicted, and the evidence of the reasonable value of such services as she rendered is ample to support the damages awarded by the jury. In our opinion the trial justice was not clearly wrong in finding that the verdict was supported by clear and convincing evidence and did substantial justice between the parties. The defendant's exception to his denial of the motion for a new trial is, therefore, overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Israel Moses,* for plaintiff.

*Anthony A. Giannini,* for defendant.